BEN DAVID FORBUSH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Forbush v. Commissioner
Docket No. 10922-76.
United States Tax Court
T.C. Memo 1979-214; 1979 Tax Ct. Memo LEXIS 311; 38 T.C.M. (CCH) 871; T.C.M. (RIA) 79214; May 29, 1979, Filed Ben David Forbush, pro se. Thomas N. Thompson, for the respondent. HALL MEMORANDUM FINDINGS OF FACT AND OPINION HALL, Judge: Respondent determined deficiencies in petitioner's income tax, plus additions to the tax under section 6653(b) [1] for fraud, as follows: Year
Deficiency
Sec. 6653(b)
1972
$379.00
$189.50
1973
368.00
181.00
1974
104.00
52.00
*312 The issues for decision are: 1. Whether petitioner and his then wife received community income of $10,891.67 in 1972, $10,649.75 in 1973, and $7,266.38 in 1974, half of which is taxable to petitioner. 2. Whether any of the numerous constitutional objections raised by petitioner is valid. 3. Whether any part of petitioner's underpayment of tax during each of the years in issue was due to fraud. 4. In the alternative to the fraud issue, whether petitioner is liable for additions to the tax under section 6651(a) for failure timely to file Federal tax returns, and whether he is liable for additions to the tax under section 6653(a) for negligence. FINDINGS OF FACT Some of the facts have been stipulated by the parties and are found accordingly. At the time he filed his petition, petitioner was a resident of Sugar City, Idaho. During the years in issue, petitioner was married to Sharon Forbush ("Sharon"). [2] Petitioner, Sharon and their 3 children lived in Idaho during 1972, 1973 and 1974. Both petitioner and his wife were employed. They received Form W-2 withholding statements from employers as follows: *313 Year
Employer
Employee
Income
Withholding
1972
Farmers Feed & Supply Co.
Petitioner
$2,440.00
$179.10
Rogers Brothers Co.
Sharon
2,867.18
133.00
1973
Idaho Feeders, Inc.
Petitioner
7,788.11
147.10
Rogers Brothers Co.
Sharon
2,861.64
none
1974
Edwards Bros., Inc.
Petitioner
2,414.34
41.70
Brent Grover
Petitioner
1,565.00
41.60
Rogers Brothers Co.
Sharon
3,287.04
15.58
The taxes withheld from petitioner's and Sharon's earnings were very low during the years in issue because of the large number of withholding exemptions they claimed. On June 15, 1972, petitioner submitted to his employers a Form W-4 claiming 12 exemptions. On December 3, 1973, petitioner submitted to his employers a similar Form W-4, again claiming 12 exemptions. Petitioner claimed 12 exemptions in order to have less money, or no money, withheld from his wages. Petitioner did not file tax returns for any of the years in issue. In his notice of deficiency, respondent determined that petitioner's income for the years in issue was as follows: 1972. Respondent determined that petitioner received wages of $2,440 from Farmers Feed & Supply Co. *314 and $5,584.49 from Idaho Feeders, Inc., and that Sharon received wages of $2,867.18 from Rogers Brothers Co. Accordingly, petitioner's and Sharon's community income was $10,891.67, half of which ($5,445.84) was taxable to petitioner. [3]
1973. Respondent determined that petitioner received wages of $7,788.11 from Idaho Feeders, Inc., and that Sharon received wages of $2,861.64 from Rogers Brothers Co. Accordingly, petitioner's and Sharon's community income was $10,649.75, half of which ($5,324.88) was taxable to petitioner. 1974. Respondent determined that petitioner received wages of $2,414.34 from Edwards Brothers, Inc., and $1,565 from Brent Grover; respondent determined that Sharon received wages of $3,287.04 from Rogers Brothers Co. Accordingly, petitioner's and Sharon's community income was $7,266.38, half of which ($3,633.19) was taxable to petitioner. In the notice of deficiency, respondent determined that part of petitioner's underpayment of tax in each of the years in issue was due to fraud. In his amended answer, respondent alleged, *315 as an alternative to the fraud penalty, that petitioner is liable for additions to the tax for failure timely to file his tax returns and for negligence. ULTIMATE FINDINGS OF FACT Petitioner did not file tax returns for the years in issue and he falsely claimed additional exemptions on his Forms W-4 in order to evade income taxes. OPINION The first issue is whether, as respondent determined, petitioner and his then wife, Sharon, received community income of $10,891.67 in 1972, $10,649.75 in 1973, and $7,266.38 in 1974. Respondent's determination is presumptively correct, and petitioner bears the burden of proving respondent's determination wrong. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. Petitioner presented no evidence contradicting respondent's determination of his or his wife's wages during the years in issue. In fact, respondent's determination is supported by the W-2 withholding forms filed by petitioner's and Sharon's employers for the years in issue. [4] Accordingly, we sustain respondent's determination as to the amount of wages petitioner and his wife received in 1972 through 1974. *316 During the years in issue, petitioner and Sharon were married and residents of Idaho. Under section 32-906, General Laws of Idaho (1963), property acquired after marriage is, generally, community property. There is a rebuttable presumption that any asset acquired during marriage is community property, and the burden of proof rests with the party asserting a separate property interest. Guy v. Guy,98 Idaho 205, 560 P. 2d 876 (1977). In this case, petitioner presented no evidence that any portion of his or his wife's earnings were not community property. Accordingly, half of petitioner's and Sharon's combined wages in each year in issue is taxable to petitioner. Hopkins v. Bacon,282 U.S. 122 (1930); Goodell v. Koch,282 U.S. 118 (1930); Poe v. Seaborn,282 U.S. 101 (1930). In his petition, petitioner raised numerous constitutional challenges to respondent's determination, including that petitioner did not earn any "dollars" and that his rights under the 1st, 4th, 5th, 6th, 7th, 8th, 9th, 10th and 13th amendments have been violated, and petitioner demanded a jury trial. It is well settled that all of petitioner's *317 objections in this case are frivolous. Wilkinson v. Commissioner, 71 T.C.     (Jan. 25, 1979); Hatfield v. Commissioner,68 T.C. 895 (1977); Gajewski v. Commissioner,67 T.C. 181 (1976), affd. without published opinion, 578 F.2d 1383 (8th Cir. 1978); Cupp v. Commissioner,65 T.C. 68, 77-81 (1975), affd. without published opinion, 559 F. 2d 1207 (3d Cir. 1977); Swanson v. Commissioner,65 T.C. 1180 (1976). The next issue is whether any part of petitioner's underpayment of tax in each of the years in issue was due to fraud. Section 6653(b) provides that if any part of an underpayment of tax is due to fraud, an addition to the tax equal to 50 percent of the total underpayment shall be imposed. Respondent has the burden of proving fraud (section 7454(a)) by clear and convincing evidence.Rule 142(b), Tax Court Rules of Practice and Procedure; Kashat v. Commissioner,229 F. 2d 282, 285 (6th Cir. 1956); Otsuki v. Commissioner,53 T.C. 96, 106 (1969). The existence of fraud is a question of fact to be determined upon consideration of the entire record. *318 Stratton v. Commissioner,54 T.C. 255, 284 (1970). To prove fraud, respondent must show that the taxpayer acted with the specific intent to evade a tax believed to be owing. Estate of Temple v. Commissioner,67 T.C. 143, 159 (1976), appeal dismissed (5th Cir. 1977). [5] Fraud is never presumed or imputed; mere suspicion of fraud is not sufficient. Switzer v. Commissioner,20 T.C. 759, 765 (1953). Respondent however, may meet his burden of proof through circumstantial evidence. Powell v. Granquist,252 F. 2d 56, 61 (9th Cir. 1958). In this case, petitioner did not file tax returns for 1972, 1973 and 1974 even though he worked during those years and earned wages. In June 1972 and December 1973 petitioner submitted to his various employers Forms W-4 claiming 12 exemptions, even though petitioner and his wife had only three children at that time. Petitioner claimed the extra exemptions because he wanted to have less money, or no money, withheld from his wages. *319 We conclude that respondent has carried his burden of proving fraud in this case. Although the mere failure to file tax returns does not per se establish fraud, it is persuasive circumstantial evidence of fraud. Marsellus v. Commissioner,544 F. 2d 883, 885 (5th Cir. 1977). In addition, petitioner filed false claims of extra withholding exemptions. The only explanation petitioner offered as to why he claimed the additional exemptions was, simply, that he wanted to have less tax withheld from his wages. When this is combined with his failure to file tax returns, we conclude that petitioner intended to neither report his income nor have taxes withheld. We hold that this conduct establishes petitioner's intent to evade a tax he knew to be owing. Accordingly, we sustain respondent's determination of additions to the tax under section 6653(b) for each of the years in issue. [6]
Decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect during the years in issue.↩
2. Petitioner and Sharon were divorced in 1975.↩
3. For each of the years in issue, respondent credited petitioner with half of the tax withheld from his and Sharon's wages.↩
4. We have W-2's verifying all of respondent's determinations as to petitioner's and Sharon's wages except petitioner's wages from Idaho Feeders, Inc. in 1972.↩
5. See Tooke v. Commissioner,36 T.C.M. 396, 46 P-H Memo T.C. par. 77,091 (1977), affd.     F. 2d     (9th Cir. March 21, 1979)↩.
6. Because of our resolution of this issue, we do not reach respondent's alternative allegation of additions to the tax under sections 6651(a)(1) and 6653(a).↩