BARBARA E. YOUNG, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT; DAVID L. YOUNG, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT
Young v. Commissioner
Docket Nos. 7692-82, 7696-82.
United States Tax Court
T.C. Memo 1983-604; 1983 Tax Ct. Memo LEXIS 200; 46 T.C.M. (CCH) 1542; T.C.M. (RIA) 83604; September 26, 1983. Laurence J. Pino, for the petitioners. Willie Fortenberry and John F. Driscoll, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent determined the following deficiencies in, and additions to, the Federal income tax of petitioner Barbara E. Young: Addition to Tax
Addition to Tax
Year
Deficiency
Under Sec. 6653(b) [1]
Under Sec. 6654
1975
$544
$272.00
$11.24
1976
760
380.00
13.76
1977
441
220.50
12.86
1978
517
258.50
7.19
1979
509
254.50
11.74
*201 The deficiencies and additions to tax determined for petitioner David L. Young [2] are as follows: Addition to Tax
Addition to Tax
Year
Deficiency
Under Sec. 6653(b)
Under Sec. 6654
1975
$2,632
$1,316.00
$113.47
1976
2,220
1,110.00
80.07
1977
4,071
2,035.50
144.81
1978
6,490
3,245.00
207.17
1979
5,431
2,715.50
227.26
After concessions, the sole issues remaining for our decision are (1) whether any part of petitioner David Young's underpayments were due to fraud; (2) whether any part of Barbara's underpayments were due to fraud; and (3) whether petitioners failed to pay estimated tax during the years at issue. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation and attached exhibits are incorporated by this reference. Petitioners Barbara E. and David L. Young are husband and wife who resided in Bartow, Florida when the petitions in this case were filed. Neither petitioner *202 filed any Federal income tax returns for the years at issue. Petitioner Barbara E. Young is a licensed practical nurse who worked at Winter Haven Hospital during the years at issue. She received wages of $4,935.06 in 1975, $6,545.21 in 1976, $5,231.63 in 1977, $5,641.91 in 1978, and $5,857.63 in 1979. Mrs. Young received W-2 forms from her employer showing the correct amount of income. Petitioner David L. Young worked for Bartow Ford Company during the years at issue, and received wages in the following amounts: $13,506.36 (1975); $12,517.11 (1976); $17,752.51 (1977); $23,269.66 (1978); and $21,692.39 (1979). He received W-2 forms from Bartow Ford informing him of his gross income for each year. In October 1974, March 1976, and January 1980 David submitted to his employer W-4 forms claiming exempt status. These forms contained a statement that "I certify that to the best of my knowledge and belief, the number of withholding allowances claimed on this certificate does not exceed the number to which I am entitled." Mr. Young also submitted statements to his employer specifically requesting that no withholding tax be taken out of his pay. Petitioner submitted these documents *203 with the intention and knowledge that no income tax would be withheld. He did not intend to pay income taxes. David Young paid income taxes prior to 1975. Between 1971 and 1975 he met a woman who convinced him that the income tax system was not only unconstitutional, but was also "blatantly immoral." He believed that the tax system would ultimately lead to the triumph of communism and the destruction of this country; petitioner had no desire to participate in this downfall, so he refused to be a party to the income tax system. Mr. Young's goal was to be part of a growing movement that would bring the income tax system to a halt, and force the United States to adopt a new, constitutional one. In December 1981 petitioner joined the Keystone Society, hoping that by joining with other persons he could accomplish goals that were beyond his reach individually. Petitioner Barbara E. Young relied on her husband to take care of all financial and tax affairs. She turned her W-2 forms from Winter Haven Hospital over to him, and that was the end of her involvement. When David stopped filing returns she asked him why, and was satisfied by his explanation. She did not believe that as *204 an individual she had an obligation to file a return and pay taxes. Mrs. Young believes her husband is sincere, and will continue to follow whatever course of conduct he advocates. Petitioners did not pay estimated tax in the years at issue, and offered no explanation for this omission. In November 1980 Robert P. Hansen, Jr. was assigned to investigate the tax liabilities of Mr. and Mrs. Young. They refused to provide Mr. Hansen with the documents he requested and generally were uncooperative. OPINION Petitioners Barbara E. Young and David L. Young earned income and received W-2 forms from their employers, but failed to file Federal income tax returns during the years at issue. Mr. Young instructed his employer not to withhold any tax, and also filed W-4 forms claiming exemption. David Young openly admitted that he never intended to pay Federal income tax, and that his ultimate goal was to destroy the income tax system as we know it today. Respondent contends that these actions are fraudulent within the meaning of section 6653(b). We agree. The existence of fraud is to be determined from consideration of all the facts and circumstances. Stratton v. Commissioner,54 T.C. 255, 284 (1970). *205 Respondent bears the burden of proof, and must show clear and convincing evidence of each element of fraud. Section 7454(a); Rule 142(b), Tax Court Rules of Practice and Procedure; Stratton v. Commissioner,supra.He must show that the taxpayer intended to commit fraud, which has been described as an "intentional wrongdoing * * * motivated by a specific purpose to evade a tax known or believed to be owing." Stoltzfus v. United States,298 F.2d 1002, 1004 (3d Cir. 1968); Webb v. Commissioner,294 F.2d 366 (5th Cir. 1968). The elements to be shown are (1) an underpayment of tax, and (2) that some part of this underpayment was due to fraud. Plunkett v. Commissioner,465 F.2d 299, 303 (7th Cir. 1972). The petitioners have both conceded that they are liable for the deficiencies asserted by respondent, thus we need only determine whether any part of such underpayment was due to fraud. Petitioner David L. Young
We believe that the W-4 form on which petitioner David Young certified under penalties of perjury that he was exempt from tax constitutes evidence of fraudulent intent. Petitioner had paid taxes in *206 prior years and knew that under United States law he was required to do so. He was well aware that he had absolutely no grounds for claiming exemption from the income tax. We further find that the evidence produced by respondent, along with petitioner's own testimony, shows that petitioner intended to evade tax in the years at issue. First, petitioner David Young filed no income tax returns from 1975 through 1979. Failure to file is not conclusive evidence of fraud, but is a factor worthy of consideration. Habersham-Bey v. Commissioner,78 T.C. 304, 312 (1982). This evidence is particularly weighty when coupled with submission of a false W-4. Habersham-Bey,supra.[3]
Second, petitioner took affirmative steps to ensure that he would not pay any tax by claiming exemption on W-4 forms and instructing his employer not to withhold. This act was intentionally misleading, and was designed to keep petitioner outside of the income tax system. Third, David Young's own testimony convinces us that he intended to avoid payment of taxes by misleading respondent. Petitioner *207 stated that "[m]y intention was to dismantle the income tax system," and that it was his "impression and * * * conviction that the tax, in fact, was not due by anyone." Mr. Young's reasons for this belief may have been patriotic, but this does not negate his intent to stay outside of the system, and to thwart it in any way possible. David Young's conduct was similar to that followed by the taxpayer in Hebrank v. Commissioner,T.C. Memo. 1982-496 and Hebrank v. Commissioner, 81 T.C.     (issued this date). In the latter case we noted that the facts of Raley v. Commissioner676 F.2d 980 (3d Cir. 1982) revg. on this issue T.C. Memo. 1980-571 were unusual, and that it did bar a finding that petitioner Hebrank had acted fraudulently. There are minor factual differences between Hebrank and the present case, but none is sufficient to compel a different result. Mr. Young, like Mr. Hebrank, did not cooperate with respondent, and did not inform him of what he was doing. Instead he intended to evade payment of any income taxes unless he was audited and ultimately required to pay. He blatantly ignored his obligations, was untruthful *208 in his dealings with both his employer and respondent, and did all he could to conceal his income. This behavior is clearly fraudulent. In Helvering v. Mitchell,303 U.S. 391, 401 (1938), the Supreme Court wrote that: The remedial character of sanctions imposing additions to a tax has been made clear by this Court in passing upon similar legislation. They are provided primarily as a safeguard for the protection of the revenue and to reimburse the Government for the heavy expense of investigation and the loss resulting from the taxpayer's fraud. * * * In light of this purpose, this is an appropriate case for a finding of fraud. As a consequence of filing false withholding statements petitioner rendered the withholding mechanism inoperative. Combined with his failure to file petitioner effectively evaded the income tax up until now. By failing to file returns, petitioner forced respondent's agents to determine the sources and amounts of his income. The respondent's determination that petitioner is liable under section 6653(b) is sustained. [4]
*209 Respondent also determined that David Young was liable for the mandatory addition to tax under section 6654 for failure to pay estimated tax in the years at issue. Petitioner bears the burden of proving this assessment incorrect, Rule 142(a), Tax Court Rules of Practice and Procedure. He has introduced no evidence on this matter; respondent's determination is sustained. Petitioner Barbara E. Young
Respondent asserted that petitioner Barbara Young also is liable for the section 6653(b) addition to tax. We do not agree.
As noted above, respondent bears the burden of proof on this issue. He has introduced no convincing evidence that there was "an intentional wrongdoing with the specific purpose of evading a tax believed by the taxpayer to be properly owing." Gajewski v. Commissioner,67 T.C. 181, 199-200 (1976), affd. in an unpublished opinion 578 F.2d 1383 (8th Cir. 1978). Unlike her husband, Mrs. Young did not file false W-4 forms, nor did she have any specific desire to destroy the tax system. She simply gave her papers to her husband, and let him make all financial and tax decisions. There is simply no basis on this record for concluding *210 that these actions were fraudulent. Respondent has asserted that if Barbara Young is not found liable for fraud, she is liable for additions to tax for negligence and intentional disregard of rules under section 6653(a). We agree. Mrs. Young should have known that she was required to file returns and pay taxes, and she should not have relied on her husband's explanation for his refusal to file. Mrs. Young was clearly negligent in this regard, and is liable under section 6653(a). Finally, respondent asserted that Mrs. Young is liable for her failure to pay estimated taxes. She presented no evidence showing this determination to be incorrect. The determination is sustained. Decision will be entered under Rule 155 in Dkt. No. 7692-82
Decision will be entered for the respondent in Dkt. No. 7696-82
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years at issue. Respondent contends that if Barbara Young is not found liable under sec. 6653(b), she should be found liable for negligence and intentional disregard of rules under sec. 6653(a). The addition to tax under that section is 5 percent of the amount underpaid.↩
2. Separate notices of deficiency were issued to each petitioner, and each filed a petition. The cases were consolidated for purposes of trial, briefing, and opinion by order of this Court dated June 28, 1983.↩
3. See also Hebrank v. Commissioner,T.C. Memo. 1982-496↩.
4. In similar cases false W-4 forms were filed and consequently false W-4 forms were received. These W-2 forms (in some cases deliberately obliterated) were filed with and as a part of the taxpayer's return, and we found fraud. See Hebrank v. Commissioner,↩ 81 T.C.     (issued this date). Petitioners cannot be in a better situation simply by failing to file for many years.