**R.L. GOODMON, Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

**No. 84–3385**
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

June 4, 1985.

George M. Sellinger, Chief, Tax Litigation Div. Branch No. 3, Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Chief Appellate Section, William Wang, Ann Belanger Durney, Tax Div., U.S. Dept. of Justice, Washington, D.C., for respondent-appellee.

Before TJOFLAT, HILL and ANDERSON, Circuit Judges.

PER CURIAM:

This is a so-called "tax protest" case on appeal from the Tax Court concerning the 1979 tax liability of appellant R.L. Goodmon. Goodmon appeals the Tax Court's judgment in favor of the Commissioner. The Tax Court held that: (1) Goodmon's wages and the monies he received as rent were "income" under the Internal Revenue Code; (2) the deficiency assessed by the Commissioner was substantially correct;[1] and (3) Goodmon was liable for a fifty percent fraud penalty under 26 U.S.C.A. § 6653(b). The Tax Court determined that Goodmon owed a deficiency of $9,101.01 and a fraud penalty of $4,550.51. We affirm.

## DISCUSSION

Goodmon's argument that the monies he received in 1979 as wages and rent are not "income" is frivolous, *see Simanonok v. Commissioner of Internal Revenue*, 731 F.2d 743, 744 (11th Cir.1984), and warrants no further discussion.

■ Goodmon claims on appeal that the deficiency was improperly calculated because he was entitled to certain business expense and personal deductions. At the evidentiary hearing held in this case, Good-

---

1. The deficiency found by the Tax Court was somewhat less than that urged by the Commissioner because the Court found that Goodmon was entitled to four exemptions in 1979 based on Goodmon's testimony.

mon offered no affidavits or testimony asserting such deductions, nor did he offer any evidence, except regarding personal exemptions, *see supra* note 1, to otherwise rebut the presumption of correctness which attaches to the Commissioner's deficiency assessment. *See Welch v. Helvering*, 290 U.S. 111, 115, 54 S.Ct. 8, 9, 78 L.Ed. 212 (1933). He first asserted his claim for deductions in a motion for reconsideration, after the Tax Court had ruled against him. Moreover, the Commissioner had previously sought to enter into a stipulation with Goodmon recognizing substantial deductions, but Goodmon refused, still claiming that no part of his receipts were income. In fact, he repeatedly refused to cooperate with the IRS concerning his 1979 income and expenses. Goodmon's desire to reduce his 1979 tax liability through deductions *after* the Tax Court adjudicated the deficiency simply came too late.

■ Similarly, Goodmon's argument that his rental income from three trailer homes was improperly calculated must fail. The Commissioner computed the rent based on the highest yearly rent received from any of the homes as indicated by Goodmon's income tax returns for 1976 through 1978. The IRS' method of calculation is presumed correct and the burden of proof is on the taxpayer to disprove the deficiency. *Welch, supra;* Tax Court Rule 142(a), 26 foll. § 7453. The Commissioner may use any reasonable method of calculation where, as in this case, the taxpayer fails to produce or maintain adequate records from which actual income may be ascertained. *Cummings v. Commissioner of Internal Revenue*, 410 F.2d 675, 678 (5th Cir.1969).[2]

Thus, the Tax Court properly adopted the Commissioner's determination of deficiency.

**2.** In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc), this court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Id.* at 1209.

**3.** The Tax Court held a hearing on December 5, 1983 at which Goodmon appeared and testified.

■ Finally, the evidence is more than adequate to sustain the Tax Court's finding of fraud.[3] Goodmon's 1979 tax return itself indicated a fraudulent intent, as it contained either zeros or Fifth Amendment objections on all lines of the return despite the fact that Goodmon had earned $24,-573.90 in wages alone. The Tax Court also considered as important the fact that Goodmon had filed proper returns for the previous three years, indicating that Goodmon knew he was subject to tax for his 1979 income. In addition, Goodmon filed a form with the IRS in mid-1979, attempting to increase his exemptions from five to twenty-six in order to eliminate withholding on his wages. The Tax Court properly interpreted this conduct to be indicative of fraudulent intent.

Accordingly, the decision of the Tax Court is AFFIRMED.

The Tax Court granted partial summary judgment in favor of the Commissioner with respect to Goodmon's claim that his wages and rent were not income, and with respect to the amount of the deficiency. The Tax Court heard evidence on the fraud issue, and rendered judgment against Goodmon after a full trial.