In the Matter of Martin W. COLSON, Debtor.

Martin W. COLSON, Plaintiff,

v.

UNITED STATES of America, Defendant.

Bankruptcy No. 85–51666.
Adv. No. 86–5009.

United States Bankruptcy Court, M.D. Georgia, Macon Division.

Sept. 10, 1986.

Martin W. Colson, pro se.

Lillian H. Lockary, Asst. U.S. Atty., Macon, Ga., Michael J. King, Trial Atty., Tax Div., Dept. of Justice, Washington, D.C., for U.S.

## MEMORANDUM OPINION ON COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT–AMOUNT AND LEGALITY OF INCOME TAXES AND REFUND

ROBERT F. HERSHNER, Jr., Bankruptcy Judge.

### MEMORANDUM OPINION

Martin W. Colson, Plaintiff, pro se, filed this adversary proceeding with the Court on February 16, 1986. He asks the Court to inquire into his tax liabilities for the years 1981 and 1982 in order to determine the amount and legality of such taxes. He also asks the Court to rule upon the dischargeability of his taxes in bankruptcy. The United States of America, Defendant, opposes the relief sought by Plaintiff. This adversary proceeding came on for trial before the Court on September 3, 1986, and the Court, having considered the evidence presented and the authority cited, now publishes this opinion.

Defendant stipulates that Plaintiff's income tax liability for 1981 is dischargeable in bankruptcy. The Court, therefore, need make no further inquiry because whatever Plaintiff's income tax liability for 1981 is, it is dischargeable in bankruptcy.

Defendant's certificate of assessments and payments for 1982 shows that Plaintiff's account balance for that year is

**32**

$4,480.84. This certificate of assessments and payments introduced by Defendant at trial is presumed correct, and the burden shifts to Plaintiff to demonstrate that the certificate is incorrect. *Goodmon v. Commissioner*, 761 F.2d 1522, 1524 (11th Cir. 1985); *Olster v. Commissioner*, 751 F.2d 1168, 1174 (11th Cir.1985). Plaintiff accepts this figure as correct in amount, but asserts that this amount is not owed for several reasons.

■ First, Plaintiff contends, under several legal theories, that income from wages is not taxable. In support of his contentions, Plaintiff has cited case law and statutory authority. After careful study, the Court is of the opinion that Plaintiff's contentions have no legal merit. *See, e.g., Stubbs v. Commissioner*, 797 F.2d 936 (11th Cir.1986).

■ Plaintiff also contends that Defendant's collection practices are improper. The Court has considered this contention and finds that it has no merit.

Plaintiff bases certain of his legal arguments upon sections of the Bankruptcy Code. The first section he cites is section 106 of the Bankruptcy Code, which provides:

(a) A governmental unit is deemed to have waived sovereign immunity with respect to any claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which such governmental unit's claim arose.

(b) There shall be offset against an allowed claim or interest of a governmental unit any claim against such governmental unit that is property of the estate.

(c) Except as provided in subsections (a) and (b) of this section and notwithstanding any assertion of sovereign immunity—

(1) a provision of this title that contains "creditor", "entity", or "governmental unit" applies to governmental units; and

(2) a determination by the court of an issue arising under such a provision binds governmental units.

11 U.S.C.A. § 106 (West 1979).

■ As noted in *Collier on Bankruptcy*, absent a waiver, Defendant as a governmental body would enjoy immunity from suit. 2 *Collier on Bankruptcy*, ¶ 106.01 (15th ed. 1986). The limited waiver of immunity contained in section 106 does not deal with the merits of Plaintiff's contentions, but confers upon the Court the ability to inquire into the income tax claims of Defendant and to inquire into the claims that Plaintiff asserts against Defendant in this adversary proceeding.

■ Plaintiff also cites section 505 of the Bankruptcy Code,[1] which deals with the power of the Court to determine tax liability. This section authorizes the Court to inquire into tax obligations, but, as with section 106, does not deal with the merits of Plaintiff's contentions.

■ The last section of the Bankruptcy Code that Plaintiff cites is section 523(a)(1),[2] which renders income taxes for the three years prior to the bankruptcy filing nondischargeable. Plaintiff's tax year for 1982 is within the three years prior to his bankruptcy filing, and section 523(a)(1) therefore renders any income tax due for that year nondischargeable. Plaintiff contends that he does not owe any income tax for the year 1982. The Court, having carefully considered the arguments of Plaintiff in support of this contention, finds Plaintiff's arguments to be without merit. Accordingly, the Court finds that Defendant's certificate of assessments and payments with its balance of $4,480.84 for the year of 1982 is correct.

---

1. 11 U.S.C.A. § 505 (West 1979 & Supp.1986).

2. 11 U.S.C.A. § 523(a)(1) (West 1979 & Supp. 1986).