In re Robert Dwayne **GILDER**, Debtor.

Robert Dwayne **GILDER**, Plaintiff,

v.

**UNITED STATES of America,**
**Defendant.**

Bankruptcy No. 88–828–BKC–3P7.
Adv. No. 89–196.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Sept. 24, 1990.

---

Edward P. Jackson, Jacksonville, Fla., for plaintiff.

Clinton W. Marrs, Washington, D.C., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This adversary proceeding is before the Court upon complaint to determine the dischargeability of tax debts for the years 1978 through 1984 pursuant to 11 U.S.C. § 523(a)(1). At trial, the parties stipulated that tax liability for all years except 1978 and 1979 was discharged. Upon the evidence presented, the Court enters the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

During the calendar years 1978 and 1979, plaintiff was married, had two minor children, and was employed as a boilermaker. Plaintiff's work as a boilermaker caused him to travel, and he was employed by at least two dozen construction companies. Typically each job required the plaintiff to work "shutdowns," that is, he would work long shifts in excess of twelve hours while normal operations were suspended.

During the calendar year 1978, he earned wages of $19,588, and during the calendar year 1979, he earned wages of $14,118.

Throughout 1978 and 1979, plaintiff submitted Forms W-4 (Employer's Withholding Allowance Certificate) to his employers, in which he claimed to be either exempt from federal income tax withholding or entitled to "ten" withholding allowances. For example, in 1978, plaintiff submitted a form to M.M. Sundt Construction Co. claiming to be exempt from federal income tax withholding. In 1979, plaintiff submitted forms to Riley Stoker Corporation, Bigelow Liptak Corporation, and the Babcock & Wilcox Company, claiming either to be exempt from withholding or entitled to ten withholding allowances.

In signing the forms claiming ten withholding allowances, plaintiff declared under penalty of perjury that he did not exceed the number to which he was entitled. He also declared that he incurred no federal income tax liability for the prior year and that he did not anticipate any tax liability for the current year.

At the time he submitted the forms, plaintiff knew they were false. The plaintiff's admitted purpose for submitting the false forms was to cause his employers not to withhold federal income taxes from his wages. As a result of the plaintiff's claims of exemption and/or excessive allowances, his employers either did not withhold or underwithheld income taxes from his wages.

Prior to 1981, the Internal Revenue Service (the "Service") established a project to investigate the incidence of erroneous or false submissions of Form W-4 by employees in central Florida. The Service had noted a high incidence of apparently false forms submitted by members of Local 443 of the Boilermaker's Union.

In early 1981, plaintiff's tax accounts for the years 1978 and 1979 were assigned to a revenue agent for investigation. The Service had identified plaintiff as a member of Local 443 who had not filed tax returns for those two years. The revenue agent reconstructed plaintiff's income for those two years using data obtained from the Florida Bureau of Unemployment Compensation. Thereafter, the agent prepared a report of the income reconstruction and tax computations for plaintiff's 1979 and 1978 tax years and mailed a copy of the report to plaintiff. Plaintiff did not file his 1978 and 1979 tax returns or otherwise respond to the report.

In December, 1984, a revenue officer employed in the Collection Division of the Service was assigned the task of securing plaintiff's compliance with the 1978 and 1979 tax obligations. The revenue officer left his calling card in January, 1985, at plaintiff's residence requesting plaintiff to contact him regarding the delinquent, unfiled tax returns. On January 31, 1985, plaintiff filed tax returns for the years in question.

In the years in question, plaintiff knew that he was required by law to file income tax returns. Plaintiff did properly file tax returns and paid federal income taxes owed prior to 1978.

## CONCLUSIONS OF LAW

11 U.S.C. § 523(a)(1)(C) provides in relevant part:

> (a) A discharge ... does not discharge an individual debtor from any debt—
>
> > (1) for a tax ...
> >
> > > (C) with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax....

The "fraudulent return" and "willful evasion" elements of this section are to be read in the disjunctive. *See*, 11 U.S.C. § 102(5). Thus, under § 523(a)(1)(C), the plaintiff's 1978 and 1979 income tax debts are not dischargeable if he willfully attempted to evade or defeat the taxes due and owing. This is true even if, as plaintiff contends, the 1978 and 1979 returns are not fraudulent in and of themselves.

■ There are no reported bankruptcy decisions under the willful evasion element of § 523(a)(1)(C). The United States Tax Court, however, has repeatedly affirmed the Service's determination of civil tax fraud under 26 U.S.C. § 6653(b) (the Internal Revenue Code) under facts similar to those presented in this adversary proceeding. While the tax cases address the factual bases for a finding of civil tax fraud, the Court concludes that these precedents provide persuasive guidance for construing the "willful evasion" element of § 523(a)(1)(C). See, *In re Kirk*, 98 B.R. 51,

54–55 (Bankr.M.D.Fla.1989). The civil tax fraud penalty under 26 U.S.C. § 6653(b) requires a specific intent to evade a tax believed to be owing. See, *Webb v. Commissioner*, 394 F.2d 366, 377 (5th Cir.1968); *Kirk, supra*, 98 B.R. at 54; *Habersham–Bey v. Commissioner*, 78 T.C. 304, 311 (1982). Thus, proof of a debtor's conduct with the specific intent to evade a tax believed to be owing which would be sufficient to sustain a finding of civil tax fraud under 26 U.S.C. § 6653(b) is sufficient as proof of a willful attempt to evade a tax for purpose of § 523(a)(1)(C).

■ The tax court's decision in *Forbush v. Commissioner*, 38 T.C.M. (CCH) 871 (1979) is factually on all fours with the present adversary proceeding. The taxpayer in *Forbush* failed to file tax returns for three years and submitted withholding forms claiming 12 withholding allowances, although entitled to only five. The tax court found that the taxpayer "claimed the extra exemptions because he wanted to have less money, or no money, withheld from his wages." 38 T.C.M. at 873–74. From the taxpayer's failure to file returns and his submission of false withholding forms, the tax court concluded that he intended to neither report his income nor have taxes withheld. *Id.* The tax court held that such conduct established an intent "to evade a tax he knew to be owing" and, therefore, upheld the civil fraud penalty. *Id.*

By his own admissions, plaintiff, like the taxpayer in *Forbush*, submitted false withholding statements for the express purpose of eliminating the withholding of federal income taxes from his wages. Moreover, plaintiff did not file his 1978 and 1979 tax returns until shortly after a Service revenue officer visited his residence in January, 1985. The Court concludes that plaintiff intended to neither report his income nor have income taxes withheld.

In *Hebrank v. Commission*, 81 T.C. 640 (1983), the taxpayer, a pipefitter in Florida, submitted a false withholding form in 1979, claiming he was exempt from federal income tax withholding and failed to file a

proper tax return. The tax court found that the taxpayer—

> knowingly submitted false information when he filed a W–4 claiming exemption from Federal withholding. [The taxpayer] had paid taxes in the past, and must have known that he, like all other citizens, was required to pay Federal income tax. By stating that he anticipated no liability in 1979, [he] knowingly gave false information to the Federal Government, resulting in inaccurate W–2 forms that were filed with and as a part of his 'return.'

*Hebrank*, 81 T.C. at 642.

The tax court found further that while a failure to file a return is not conclusive evidence of fraud, it "is a factor worthy of consideration, particularly when coupled with the submission of a false Form W–4." *Id.*

In *Goodmon v. Commissioner*, 761 F.2d 1522 (11th Cir.1985), the Eleventh Circuit upheld a finding of fraud where the taxpayer: (i) filed a tax return that contained either zeros or Fifth Amendment objections; (ii) knew he was subject to income tax, as indicated by the fact that he had filed proper tax returns in years past; and (iii) attempted to eliminate income tax withholding by filing a document with the Service purporting to increase his withholding allowances from five to twenty-six. That court found these facts to be "more than adequate" to sustain the tax court's fraud finding. 761 F.2d at 1524. The *Goodmon* case is analogous to the facts of this adversary proceeding.

By filing false withholding forms, plaintiff intended to disrupt the orderly process of income tax collection by rendering the tax withholding mechanism inoperative. See, *Young v. Commissioner*, 46 T.C.M. (CCH) 1542, 1544 (1983). By failing to file his 1978 and 1979 income tax returns until induced by a Service representative, plaintiff forced the Service to determine the sources and amounts of his income. *Id.* Accordingly, because he willfully attempted to evade or defeat his 1978 and 1979 income tax liabilities, these debts are not dischargeable pursuant to 11 U.S.C. § 523(a)(1)(C).

A Final Judgment consistent with the foregoing Findings of Fact and Conclusions of Law will be entered separately.

### FINAL JUDGMENT

Upon the Findings of Fact and Conclusions of Law separately entered, it is ORDERED:

(1) The tax debts of plaintiff, Robert Dwayne Gilder, for the years 1980, 1981, 1982, 1983, and 1984 are discharged.

(2) The tax debts of plaintiff, Robert Dwayne Gilder, for the years 1978 and 1979 are non-dischargeable pursuant to 11 U.S.C. § 523(a)(1)(C).