**In re Ronald Alan PETERSON and Barbara Diane Peterson, Debtors.**

**Ronald Alan PETERSON, Barbara Diane Peterson, Plaintiffs,**

**v.**

**COMMISSIONER OF INTERNAL REVENUE, Defendant.**

Bankruptcy No. 89–00610–A.
Adv. No. 90–0034.

United States Bankruptcy Court, D. Wyoming.

July 2, 1991.

Darlene L. Reiter, Sheridan, Wyo., for plaintiffs.

Joel Roessner, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

HAROLD L. MAI, Bankruptcy Judge.

THIS MATTER came before the court on February 12, 1991, on Cross–Motions for Summary Judgment on the debtors' Complaint to Determine the Discharge of a Federal Income Tax Debt. The parties have submitted a Joint Stipulation of Facts

and Exhibits. The parties agree that there are no material issues of fact and have submitted the matter for decision as a matter of law.

The court having considered the stipulated facts and exhibits, the motions for summary judgment, the memoranda, having heard argument of counsel, having reviewed the applicable statutes and authorities, and being fully advised, does hereby find and conclude as follows:

## FINDINGS OF FACT

1. Plaintiffs Ronald Alan Peterson and Barbara Diane Peterson are married.

2. On April 1, 1981, Ronald Alan Peterson signed a W–4 Form listing 40 exemptions as the number of allowances he was claiming.

3. On or about August 3, 1987, 1040 returns for Mr. Peterson and Mrs. Peterson for the tax years 1982, 1983, 1984, and 1985 were received in the Casper, Wyoming office of the Internal Revenue Service ("IRS"). These returns had been signed by the Petersons.

4. The returns signed by the Petersons claimed three (3) exemptions.

5. On September 28, 1987, the IRS made the following assessments against the debtors for their 1985 income taxes:

$7,451.00 — tax
1,264.20 — interest
1,632.38 — late filing penalty
(26 U.S.C.A. § 6651(a)(1)) [1]
412.94 — estimated tax penalty
(26 U.S.C.A. § 6654(a)(1))
652.95 — failure to pay tax penalty
(26 U.S.C.A. § 6651(a)(2))

6. On February 15, 1988, the IRS made the following assessments against the debtors for their 1982 and 1984 income taxes:

1982 TAX YEAR

$3,018.00 — audit deficiency
2,169.01 — interest on deficiency
1,065.93 — negligence penalty
(26 U.S.C.A. § 6653(a)(1) and (2))
293.78 — estimated tax penalty
(26 U.S.C.A. § 6654(a))
679.05 — late filing penalty
(26 U.S.C.A. § 6651(a)(1))

1984 TAX YEAR

$7,140.00 — audit deficiency
2,428.69 — interest on deficiency
1,291.31 — negligence penalty
(26 U.S.C.A. § 6653(a)(2) and (2))
434.46 — estimated tax penalty
(26 U.S.C.A. § 6654(a))
1,739.69 — late filing penalty
(26 U.S.C.A. § 6651(a)(1))

7. On February 29, 1988, the IRS assessed a failure to pay tax penalty (26 U.S.C.A. § 6651(a)(2)) in the amount of $754.40 for the debtors' 1982 tax year.

8. On July 18, 1988, the IRS made the following assessments against the debtors for their 1983 income taxes:

$1,765.00 — audit deficiency
1,189.78 — interest on deficiency
569.88 — negligence penalty
(26 U.S.C.A. § 6653(a)(1) and (2))
126.19 — estimated tax penalty
(26 U.S.C.A. § 6654(a))
441.25 — late filing penalty
(26 U.S.C.A. § 6651(a)(1))

9. During its audit of the Petersons' taxes, the IRS did not assess a penalty under § 6682 of the Internal Revenue Code. Section 6682 provides for assessment of a $500 penalty if an individual makes a statement with respect to his or her withholding which results in a decrease in the amounts deducted and withheld, and, as of the time such statement was made, there was no reasonable basis for the statement. Instead, the IRS chose to only assess a penalty on the part of the underpayment "attributable solely to negligence."

10. The IRS' Certificate of Official Record for the Petersons for the 1985 tax year shows "payments" on the 1983 taxes as follows: March 21, 1990 $905.66; June 25, 1990 $623; June 25, 1990 $623. The IRS's Certificate of Official Record for the Petersons for the tax year 1984 shows "payments" on the 1984 taxes as follows: November 15, 1988 $1,000; June 14, 1989 $1,000.

11. On August 4, 1989, the Petersons filed a joint voluntary Chapter 7 bankruptcy petition. On November 24, 1989, the Petersons' Order of Discharge was en-

1. All references to title 26 are to the 1954 Internal Revenue Code, as amended.

tered. On July 23, 1990, the Petersons commenced this Adversary Proceeding seeking to have their tax debt declared dischargeable.

12. The debtors' income tax liability for 1981 has been fully paid and is no longer a subject matter of this Complaint.

## DISCUSSION AND CONCLUSIONS

Section 523 of the Bankruptcy Code provides that a discharge does not discharge a debt for a tax "with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax." 11 U.S.C. § 523(a)(1)(C).

The Government concedes that the returns ultimately filed by the plaintiffs were not fraudulent. As a result, the only issue in this case is whether or not the stipulated facts establish, as a matter of law, that the Petersons "willfully attempted in any manner to evade or defeat such tax."

The terms "willfully," "attempted," and "in any manner" should be construed consistently with their usage in §§ 6653 and 7201 of the Internal Revenue Code. *In re Gathwright*, 102 B.R. 211 (Bankr.D.Oregon 1989).

In a recent case construing 26 U.S.C. §§ 7201 and 7203, the United States Supreme Court stated, "[w]illfulness, as construed by our prior decisions in criminal tax cases, requires that Government to prove that the law imposed a duty on the defendant, that the defendant knew of this duty, and that he voluntarily and intentionally violated that duty." *Cheek v. United States*, — U.S. —, 111 S.Ct. 604, 610, 112 L.Ed.2d 617 (1991).

"Willfulness in this context [Internal Revenue Code] simply means a voluntary, intentional violation of a known legal duty." *Id.*

Congress did not intend that a person be held to be responsible for a "willful" attempt to evade taxes by reason of a bona fide misunderstanding as to his liability, his failure to make a return, or other mistake. Instead, "willfully" requires a specific intent. *Id.* It connotes "an act done with a bad purpose" or with "an evil motive." *Id.*

The court will grant plaintiffs' Motion for Summary Judgment as to plaintiff Mrs. Peterson. At most, the evidence shows that Mrs. Peterson signed returns that the Government admits were not fraudulent and then filed for relief under Chapter 7 of the Bankruptcy Code shortly after the taxes became eligible to be dischargeable. The court cannot conclude, as a matter of law, that this establishes a "willful" attempt to evade the tax in question. Seeking bankruptcy relief as soon as debts for taxes are arguably dischargeable is not per se evidence of a "willful attempt to evade" the taxes. If it were, then it would effectively negate the provisions of the Bankruptcy Code which make debts for taxes generally dischargeable if they have been due for a specific amount of time prior to filing. See 11 U.S.C. § 507(a)(7)(A).

Further, unlike comparable sections of the Internal Revenue Code, "a willful attempt to evade or defeat the *payment* of the tax in question is not relevant to a determination of non-dischargeability." *In re Gathwright*, 102 B.R. 211 (Bankr.D.Oregon 1989) (For dischargeability purposes, Court to disregard evidence of debtor's alleged attempt to frustrate collection of taxes at issue.).

The court has considered the cases cited by the Government to the contrary, namely, that attempt to avoid payment is relevant, but believes that *Gathwright* is the better reasoned authority and follows the clear language of the statute.

As to plaintiff Mr. Peterson, the failure of the IRS to assess a penalty for filing false information with respect to withholding tax information does not now estop the Government from attempting to establish that the debt is non-dischargeable on the grounds of "willful attempt to evade the tax" within the meaning of § 523(a)(1)(C). All that must be proved to establish non-dischargeability of the debt are the elements contained in § 523(a). It is immaterial that the Government did not choose to establish all elements necessary to prove non-dischargeability before the bankruptcy was filed. The issue of dis-

chargeability of a debt does not arise unless and until a bankruptcy case is filed.

■ However, the court must conclude on the sparse record before it, that the evidence does not establish that the debt is non-dischargeable as a matter of law.

■ The Government seeks by this adversary proceeding to establish a new rule of law. Its counsel stated that it does not seek to add any additional evidence or testimony to the record. Instead, it wants a ruling that, as a matter of law, the submitting of a W–4, with more claimed exemptions than subsequently claimed on tax returns, establishes a "willful attempt to evade the tax" within the meaning of § 523(a)(1)(C). In the alternative, its position is that the following facts establish, as a matter of law, a willful attempt to evade the tax: Mr. Peterson claimed 40 withholding allowances on his W–4 form. He filed tax returns only after being contacted by the IRS. The subsequent returns claimed less dependents than the earlier W–4 form. He made only two (2) voluntary payments on the tax debt. And he filed for bankruptcy relief shortly after the taxes became otherwise eligible for discharge.

■ Viewing the evidence presented in the Cross–Motions for Summary Judgment in the light most favorable to plaintiff, Mr. Peterson, the court concludes that the Government has not proven, by a preponderance of the evidence, that he engaged in a "willful attempt" to evade the tax within the meaning of 11 U.S.C. § 523(a)(1)(A). The Government has not shown that Mr. Peterson violated a known duty under the law by claiming 40 withholding allowances on his earlier W–4 form. The Government argues that because he claimed 40 withholding allowances on his W–4 and later only claimed three (3) exemptions on his tax returns, this establishes a "false W–4." It is true, that the original claim of 40 withholding allowances does give rise to a question regarding why the claim was made. However, raising the question does not, by itself, meet the Government's burden of proving that the claim was made in knowing violation of § 6682 of the Internal Revenue Code. In other words, raising a question of motive does not establish that at the time he undertook the action, he knew of his duty to decrease the amount withheld only if he had a reasonable basis for the statement regarding the number of withholding allowances and that he purposefully violated this duty.

■ Under the standard contained in *Cheek v. United States*, it is not enough for the Government to show that Mr. Peterson violated § 6682 of the Internal Revenue Code. The Government has the burden of establishing that he had a duty under the law, that he knew he had a duty, and that he voluntarily and intentionally violated that duty.

■ Although Mr. Peterson's failure to file timely tax returns may be one element in support of an attempt to evade the tax, it does not, by itself, establish a willful attempt to evade the tax. Otherwise, all taxes for which a return was tardily filed would be non-dischargeable.

This case is distinguishable from *In re Harris*, cited by defendant. 59 B.R. 545 (Bankr.W.D.Va.1986). In *Harris*, there had been an IRS assessment of a fraud penalty under 26 U.S.C. § 6653(b). After an evidentiary hearing, the bankruptcy court concluded that the debtor had a fraudulent intent within the meaning of § 523(a)(1)(C). In contrast, in our case, the issue is not a fraudulent attempt, but is, instead, a willful attempt. Thus, *Harris* is not applicable.

■ In order to support a finding that filing a false W–4 was a willful attempt to evade a tax, there must be some evidence that there was a "purposeful failure to file an accurate W–4 form." *United States v. Connor*, 898 F.2d 942 (3rd Cir.1990).

■ The fact that the plaintiffs made what the Government believes to be minimal payments on the tax and later filed for bankruptcy relief in an attempt to discharge the tax does not establish a willful attempt to evade the tax. At best, this gives rise to an inference that Mr. Peterson attempted to evade *payment* of the tax.

As noted above, this is not relevant for dischargeability purposes. *Gathwright.*

The court concludes that the stipulated facts and exhibits, by themselves, do not meet the Government's burden of proving that the law imposed a duty on defendant Mr. Peterson, that he knew of this duty, and that he voluntarily and intentionally violated that duty. Accordingly, the court will deny the Government's Motion for Summary Judgment and grant the plaintiffs' Motion for Summary Judgment in regards to plaintiff Ronald Alan Peterson as well as Mrs. Peterson.

The debt of plaintiffs to the Internal Revenue Service is dischargeable in bankruptcy. The court will enter an appropriate Judgment.