**In re Ronald Alan PETERSON and Barbara Diane Peterson, Debtors.**

**COMMISSIONER OF INTERNAL REVENUE, Appellant/Defendant,**

**v.**

**Ronald Alan PETERSON and Barbara Diane Peterson, Appellees/Plaintiffs.**

No. 92–CV–0029J.
Bankruptcy No. 89–00610–A.
Adv. No. 90–0034.

United States District Court,
D. Wyoming.

Jan. 4, 1993.

William U. Hill, Asst. U.S. Atty., Cheyenne, WY, Joel J. Roessner, Dept. of Justice, Tax Div., Washington, DC, for I.R.S.

Darlene L. Reiter, Burgess, Davis, Carmichael & Cannon, Sheridan, WY, for Ronald Alan Peterson and Barbara Diane Peterson.

## OPINION AND ORDER ON BANKRUPTCY APPEAL TO DISTRICT COURT

ALAN B. JOHNSON, Chief Judge.

This matter comes before the Court on an appeal from the judgment entered on July 2, 1991, 132 B.R. 68 in Adversary Proceeding No. 90–0034, denying the United States' motion for summary judgment and granting the plaintiffs' motion for summary judgment, in which the bankruptcy court ordered, adjudged, and decreed that the debt of the debtors/plaintiffs, Ronald Alan Peterson and Barbara Diane Peterson, to defendant, Internal Revenue Service, in the amount of $56,001.62, is dischargeable in bankruptcy. This Court, having reviewed the record on appeal, the briefs of appellants and appellees, and being fully advised in the premises, now FINDS and ORDERS as follows:

### Background

The parties, in the proceedings before the bankruptcy court, entered into a Joint Stipulation of Facts and Exhibits. These stipulated facts are also reflected in the bankruptcy court's findings of fact, and are recited below:

1. Plaintiffs Ronald Alan Peterson and Barbara Diane Peterson are married.

2. On April 1, 1981, Ronald Alan Peterson signed a W–4 Form listing 40 exemptions as the number of allowances he was claiming.

3. On or about August 3, 1987, 1040 returns for Mr. Peterson and Mrs. Peterson for the tax years 1982, 1983, 1984, and 1985 were received in the Casper, Wyoming office of the Internal Revenue Service ("IRS"). These returns had been signed by the Petersons.

4. The returns signed by the Petersons claimed three (3) exemptions.

5. On September 28, 1987, the IRS made the following assessments against the debtors for their 1985 income taxes:

| | | |
|---|---|---|
| $7,451.00 | — | tax |
| 1,264.20 | — | interest |
| 1,632.28 | — | late filing penalty (26 U.S.C.A. § 6651(a)(1)) |
| 412.94 | — | estimated tax penalty (26 U.S.C.A. § 6654(a)(1)) |
| 652.95 | — | failure to pay tax penalty (26 U.S.C.A. § 6651(a)(2)) |

6. On February 15, 1988, the IRS made the following assessments against the debtors for their 1982 and 1984 income taxes:

1982 TAX YEAR

| | | |
|---|---|---|
| $3,018.00 | — | audit deficiency |
| 2,169.01 | — | interest on deficiency |
| 1,065.93 | — | negligence penalty (26 U.S.C.A. § 6653(a)(1) and (2)) |
| 293.78 | — | estimated tax penalty (26 U.S.C.A. § 6654(a)) |
| 679.05 | — | late filing penalty (26 U.S.C.A. § 6651(a)(1)) |

1984 TAX YEAR

| | | |
|---|---|---|
| $7,140.00 | — | audit deficiency |
| 2,428.69 | — | interest on deficiency |
| 1,291.31 | — | negligence penalty (26 U.S.C.A. § 6653(a)(1) and (2)) |
| 434.46 | — | estimated tax penalty (26 U.S.C.A. § 6654(a)) |
| 1,739.69 | — | late filing penalty (26 U.S.C.A. § 6651(a)(1)) |

7. On February 29, 1988, the IRS assessed a failure to pay tax penalty (26 U.S.C.A. § 6651(a)(2)) in the amount of $754.40 for the debtors' 1982 tax year.

8. On July 18, 1988, the IRS made the following assessments against the debtors for their 1983 income taxes:

| | | |
|---|---|---|
| $1,765.00 | — | audit deficiency |
| 1,189.78 | — | interest on deficiency |
| 569.88 | — | negligence penalty (26 U.S.C.A. § 6653(a)(1) and (2)) |
| 126.19 | — | estimated tax penalty (26 U.S.C.A. § 6654(a)) |
| 441.25 | — | late filing penalty (26 U.S.C.A. § 6651(a)(1)) |

9. During its audit of the Petersons' taxes, the IRS did not assess a penalty under § 6682 of the Internal Revenue

Code. Section 6682 provides for assessment of a $500 penalty if an individual makes a statement with respect to his or her withholding which results in a decrease in the amounts deducted and withheld, and, as of the time such statement was made, there was no reasonable basis for the statement. Instead, the IRS chose to only assess a penalty on the part of the underpayment "attributable solely to negligence."

10. The IRS'[s] Certificate of Official Record for the Petersons for the 1985 tax year shows "payments" on the 1983 taxes as follows: March 21, 1990 $905.66; June 25, 1990 $623; June 25, 1990 $623. The IRS's Certificate of Official Record for the Petersons for the tax year 1984 shows "payments" on the 1984 taxes as follows: November 15, 1988 $1,000; June 14, 1989 $1,000.

11. On August 4, 1989, the Petersons filed a joint voluntary Chapter 7 bankruptcy petition. On November 24, 1989, the Petersons' Order of Discharge was entered. On July 23, 1990, the Petersons commenced this Adversary Proceeding seeking to have their tax debt declared dischargeable.

12. The debtors' income tax liability for 1981 has been fully paid and is no longer a subject matter of this Complaint.

132 B.R. at 70–71.

The Government concedes that the returns which were ultimately filed by the plaintiffs were not fraudulent. Therefore, in the adversary proceeding, the Government relied upon Section 523 of the Bankruptcy Code, which provides that a discharge does not discharge a debt for a tax "with respect to which the debtor made a fraudulent return or **willfully attempted in any manner to evade or defeat such tax.**" 11 U.S.C. § 523(a)(1)(C) (emphasis supplied). The issue in this appeal is the same as that considered by the bankruptcy court: whether the stipulated facts established that the Petersons "willfully attempted in any manner to evade or defeat such tax."

In its brief, the United States states the issue in this appeal as follows:

[W]hether the bankruptcy court erred in holding that an attempt to evade the *payment* of a tax is irrelevant for purposes of determining dischargeability under 11 U.S.C. § 523(a)(1)(C) of the Bankruptcy Code (11 U.S.C.).

### Standard of Review

The bankruptcy court's Findings of Fact and Conclusions of Law are in the record now before the court. *Peterson v. Commissioner of Internal Revenue (In re Peterson)*, 132 B.R. 68 (Bankr.D.Wyo.1991). The bankruptcy court's findings of fact will not be disturbed unless they are clearly erroneous. Fed.R.Bankr.P. 8013. The bankruptcy court's conclusions of law, however, may be reviewed *de novo*. *In re Hart*, 923 F.2d 1410, 1411 (10th Cir.1991); *Hall v. Vance*, 887 F.2d 1041, 1043 (10th Cir.1989). Because it is only the bankruptcy court's conclusions of law which are the subject of this appeal, this Court is free to conduct its own *de novo* review of those conclusions of law.

### Discussion

Section 523(a)(1)(C) of the Bankruptcy Code provides, in part:

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(1) for a tax ...—

\*　　\*　　\*　　\*　　\*　　\*

(C) with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax[.]

\*　　\*　　\*　　\*　　\*　　\*

In an action to determine dischargeability of a debt, the party asserting that the debt is non-dischargeable under Section 523(a)(1)(C) has the burden of proving that the tax returns were fraudulent or that the debtor willfully attempted to evade or defeat the tax. *In re Gathwright*, 102 B.R. 211, 213 (Bankr.D.Or.1989). In all actions asserting exceptions to the discharge pursuant to Section 523(a) of the Bankruptcy Code, the standard of proof is the ordinary preponderance of the evidence

**332**

standard. *Grogan v. Garner,* 498 U.S. 279, ——, 111 S.Ct. 654, 661, 112 L.Ed.2d 755 (1991).

In this case, the bankruptcy court found that "[a]t best [the evidence presented] gives rise to an inference that Mr. Peterson attempted to evade *payment* of the tax." Findings of Fact and Conclusions of Law at 10. That court noted that such a finding, however, is irrelevant for dischargeability purposes. *Id.* at 11. In reaching its conclusion that evidence of an attempt to evade *payment* of the tax is irrelevant for dischargeability purposes, the bankruptcy court relied on a similar holding in *Gathwright v. United States (In re Gathwright),* 102 B.R. 211, 213 (Bankr.D.Or. 1989). The bankruptcy court, following *Gathwright,* also determined that the terms "willfully," "attempted," and "in any manner" should be construed consistently with their usage in §§ 6653 and 7201 of the Internal Revenue Code, 132 B.R. at 71. It cited *Cheek v. United States,* 498 U.S. 192, 201, 111 S.Ct. 604, 610, 112 L.Ed.2d 617 (1991), as authority for the proposition that proving a willful attempt to evade the tax requires the government to show that the debtor has a duty under the law, that he knew he had a duty, and that he voluntarily and intentionally violated that duty. *In re Peterson,* 132 B.R. at 72. The bankruptcy court concluded that "the stipulated facts and exhibits, by themselves, do not meet the Government's burden of proving that the law imposed a duty on defendant Mr. Peterson, that he knew of this duty, and that he voluntarily and intentionally violated that duty." *Id.* at 73. As to Mrs. Peterson, the bankruptcy court found that, "[a]t most the evidence shows that Mrs. Peterson signed returns that the Government admits were not fraudulent and then filed for relief under Chapter 7 of the Bankruptcy Code shortly after the taxes became eligible to be dischargeable." *Id.* at 71. The bankruptcy court then granted summary judgment in favor of both plaintiffs and denied the Government's motion for summary judgment.

■ This Court must now review the bankruptcy court's conclusion that an attempt to evade *payment* of tax is irrelevant for dischargeability purposes. In doing so, the Court is called upon to review the bankruptcy court's reliance on the *Gathwright* decision. As noted above, *Gathwright* held that evidence is not relevant if it relates to a debtor's attempt to evade *payment* of tax in a dischargeability proceeding. The *Gathwright* court also required the language of Section 523(a)(1)(C) of the Bankruptcy Code to be construed in a manner consistent with Section 7201 of the Internal Revenue Code. Section 7201 provides that it is a felony to willfully attempt in any manner to evade or defeat any tax imposed by the Internal Revenue Code or the payment thereof. A violation of Section 7201 encompasses actions which are attempts to evade collection of the tax or payment of the tax, while Section 523(a)(1)(C) of the Bankruptcy Code does not. The *Gathwright* court stated that

"[a]lthough section 523(a)(1)(C) makes nondischargeable tax liabilities which the debtor has willfully attempted to evade or defeat, it does not include willful attempts to evade or defeat "payment" as a basis for nondischargeability. To the extent that the language of the statutes is identical and in the absence of any indication that Congress intended different meanings for the phrases in the different codes, I will interpret them the same. However, because the Bankruptcy Code exception to discharge lacks the language "or the payment thereof," evidence regarding any willful attempt to evade or defeat payment of the tax is not relevant to a determination of dischargeability. Consequently, I will disregard evidence presented by the IRS regarding debtor's alleged attempts to frustrate collection of the taxes at issue in this case."

*Gathwright,* 102 B.R. at 213.

The Appellants argue that the language of Section 523(a)(1)(C) of the Bankruptcy Code excepting from discharge those taxes "which the debtor ... willfully attempted *in any manner* to evade or defeat ..." is sufficiently broad to include a willful attempt to evade *payment* of a tax. Appellants rely on *In re Jones,* 116 B.R. 810

(Bankr.D.Kan.1990) in support of their position. In *Jones,* the debtors had not contested that they had attempted to evade the collection of their tax liabilities. The debtors in that case did argue, however, relying on *Gathwright,* that § 523(a)(1)(C) did not apply to willful attempts to defeat the collection of taxes.

The *Jones* court expressly disagreed with the application of *Gathwright,* and noted that the modifying phrase "in any manner" is "sufficiently broad to include willful attempts to evade taxes by concealing assets to protect them from execution or attachment as these debtors did." *Id.* at 814. The *Jones* court also expressed some doubt regarding the use of a criminal statute (26 U.S.C. § 7201) as the basis for such a restrictive reading of a civil statute (112 U.S.C. § 523(a)(1)(C)), even though exceptions to discharge are to be strictly construed in favor of debtors. *Id.* at 815. Further, the *Jones* court stated that the *Gathwright* court's interpretation of the phrase at issue would render it superfluous. "If evading or defeating collection or payment of a tax does not count, this court is hard-pressed to conceive how a debtor might willfully attempt to evade or defeat a tax without also filing a fraudulent return." *Id.* The *Jones* court also noted that a standard dictionary definition for "evade" is "to fail to pay." *Id.* (citing *Webster's New Collegiate Dictionary, p. 395 (G. & . C. Merriam Co. 1975 ed.)).* Finally, the *Jones* court stated that it believed the legislative history of the predecessor Bankruptcy Act provision to Section 523(a)(1)(C) disclosed a legislative intent to limit bankruptcy relief and discharge to the "financially unfortunate and not to create a tax evasion device." *Id.*

*Berzon v. United States (In re Berzon),* 145 B.R. 247, 250 (Bankr.N.D.Ill.1992), expressly rejected *In re Gathwright.* The *Berzon* court found the differences in the language of Section 523 of the Bankruptcy Code and Section 7201 to be "of no practical effect in terms of interpretation of the statute." *Berzon,* 145 B.R. at 250. The *Berzon* court stated "[w]hether Berzon willfully attempted to evade income tax is a question of fact to be determined from the totality of the record." *Id.* It stated the IRS must show by a preponderance of the evidence that Berzon willfully attempted to evade his tax obligation by filing late returns and understating his income. Also,

> [d]irect proof of a debtor's intent to evade tax obligations is usually unavailable. Thus, intent to evade taxes is generally provable by circumstantial evidence and reasonable inferences drawn from the existence of certain fact patterns, otherwise called badges of fraud.... In the income tax area, badges of fraud include significant understatements of income made repeatedly; failure to file tax returns; repeatedly filing returns late; implausible or inconsistent behavior by the taxpayer; and failure to cooperate with federal tax authorities.

*Id.*

In the case, the debtor had argued that he was so debilitated by a cocaine habit that he could not have willfully attempted to evade or defeat the payment of taxes. The court rejected the debtor's defense, and stated that "a debtor's habitual use of cocaine is voluntary and intentional." *Id.* at 251.

> "Willful is defined as 'intentional, deliberate, voluntary.' Blacks Law Dictionary, 6th ed. 1990. *See also, Cheek v. U.S.,* 498 U.S. 192, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991). As previously indicated, in determining whether the debtor acted willfully in trying to evade or defeat the payment of his taxes the court will look for certain fact patterns, badges of fraud, that lead logically to the conclusion that his actions were willful and part of a scheme to that end. *See, e.g., In re Fernandez,* 112 B.R. 888 (Bkrtcy. N.D.Ohio 1990) (debtor willfully attempted to evade taxes when the debtor filed his tax returns late, did not make voluntary payments on his tax liabilities, and submitted a W–4 tax form to reduce the amount withheld from his wages to an amount that was substantially less than he owed the government for taxes); *In re Carapella,* 105 B.R. 86 (Bkrtcy. M.D.Fla.1989) (debtor willfully attempted

to evade income tax when the debtor understated his income by $275,000, did not keep records of his income, and was convicted of mail fraud in connection with his income generating scheme).

*Id.*

The *Berzon* court noted that several facts in the case lead to the conclusion that the debtor had willfully attempted to evade his taxes. These included the debtor's knowledge that he was required to file tax returns, because he had filed returns in previous years. Also, the debtor had deposited his paychecks into his girlfriend's checking account, returns were filed two to five years late, and his income was understated for two years on the return that the debtor did file.

The *Berzon* court also noted that most of the caselaw cited as support for the IRS's position predated the United States Supreme Court's decision in *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). Those pre-*Grogan v. Garner* cases did require more than the filing of late tax returns and understatement of income to find a willful attempt to evade the tax. However, with the *Grogan v. Garner* decision in which the Supreme Court held that in all § 523 dischargeability actions the appropriate standard of proof will be the preponderance of the evidence, a "finding of a combination of unexcused late filings and significant income misrepresentation are alone sufficient to show a willful attempt to evade payment for purposes of § 523(a)(1)(C)." *In re Berzon*, 145 B.R. at 252.

The Court in *Gilder v. United States (In re Gilder)*, 122 B.R. 593 (Bankr.M.D.Fla. 1990) discussed the willful evasion element of § 523(a)(1)(C). It concluded that tax cases addressing the factual bases for a finding of civil tax fraud under 26 U.S.C. § 6653(b) of the Internal Revenue Code are persuasive guidance for construing the willful evasion element of § 523(a)(1)(C). *Gilder*, 122 B.R. at 595. Citing tax court and other caselaw dealing with the civil fraud penalty of 26 U.S.C. § 6653(b) which requires a specific intent to evade a tax believed to be owing, the court concluded

that the plaintiff in the case, who had submitted false withholding statements for the express purpose of eliminating withholding of federal income taxes from his wages and who did not file 1978 and 1979 tax returns until after being visited by a revenue officer, disclosed an intent to "neither report his income nor have income taxes withheld." *Id.* The court concluded that

> [b]y filing false withholding forms, plaintiff intended to disrupt the orderly process of income tax collection by rendering the tax withholding mechanism inoperative. See, *Young v. Commissioner*, 46 T.C.M. (CCH) 1542, 1544 [1983 WL 14586] (1983). By failing to file his 1978 and 1979 income tax returns until induced by a Service representative, plaintiff forced the Service to determine the sources and amounts of his income. *Id.* Accordingly, because he willfully attempted to evade or defeat his 1978 and 1979 income tax liabilities, these debts are not dischargeable pursuant to 11 U.S.C. § 523(a)(1)(C).

*Id.* at 596. *See also Fernandez v. Internal Revenue Service (In re Fernandez)*, 112 B.R. 888 (Bankr.N.D.Ohio 1990) (debtor's conduct with respect to tax obligations, including execution of a W–4 which resulted in substantial under-withholding of income taxes, failure to make any voluntary payments toward tax liabilities, lying to the IRS concerning the filing status of his returns, was both willful and evasive of his tax obligations which were due and owing); *Carapella v. United States (In re Carapella)*, 115 B.R. 365 (Bankr.M.D.Fla.1990), *aff'd by Carapella v. United States*, 925 F.2d 1474 (11th Cir.1991) (evidence in record of blatant attempts to evade taxes, including substantial understatement of income, failure to keep records of income, conviction for mail fraud, schemes to conceal income and assets, lack of cooperation with the IRS); *Hopkins v. United States (In re Hopkins)*, 133 B.R. 102 (Bankr. N.D.Ohio 1991) (a wife's signing of joint tax returns which she knew were in error constituted the making of a fraudulent return or willfully attempting to evade such tax so as to make the tax debts nondischargeable). *Cf. United States v. Con-*

*nor*, 898 F.2d 942 (3d Cir.1990), *cert. denied*, 497 U.S. 1029, 110 S.Ct. 3284, 111 L.Ed.2d 793 (1990) (purposeful failure to file accurate W–4 could be viewed by jury as an affirmative willful act to support a violation of 26 U.S.C. § 7201, tax evasion).

The decision in *Gathwright* has been expressly rejected, not only by the courts in the cases cited above, but also by the bankruptcy court in Colorado. In an unpublished decision, *Sells v. United States*, Adversary No. 91–1389–SBB (Bankr.D.Colo. 1991), the Colorado bankruptcy court followed *Jones*, and rejected both *Gathwright* and the published decision of the bankruptcy court in this case. This Court also believes the line of cases rejecting the *Gathwright* analysis provides more persuasive and sound authority in the bankruptcy context of a Section 523(a)(1)(C) dischargeability action. The purpose of the Bankruptcy Code is to allow honest, but unfortunate, debtors a fresh start. Its purpose is not to create a device for tax evasion. By construing the language of Section 523(a)(1)(C) to require that evidence of a debtor's attempts to avoid payment of a tax is irrelevant, the bankruptcy court's ruling yields a result which is contrary to the purposes of the Bankruptcy Code.

■ It is the opinion of this Court that the bankruptcy court erred in holding that evidence of the debtors' attempts to avoid *payment* of their income taxes is irrelevant for Section 523 dischargeability purposes. While this Court is not prepared to rule as a matter of law that the filing of a false W–4 withholding statement claiming 40 exemptions is sufficient in and of itself to constitute a willful attempt to evade or defeat payment of taxes, it is appropriate evidence that may, and should, be considered by the bankruptcy court.

The bankruptcy court correctly determined that *Cheek v. United States* sets forth the elements which must be shown by the government in order to prove "willfulness". To the extent that the bankruptcy court failed to consider evidence relating to the debtor's intention to evade *payment* of taxes, its decision is erroneous and requires reversal and remand for further proceedings consistent with this opinion. Upon remand, the bankruptcy court should determine whether the evidence offered is sufficient to prove, by a preponderance of the evidence, that the debtors, Mr. and Mrs. Peterson, willfully attempted to evade or defeat their taxes, in accordance with the standards enunciated in *Cheek v. United States*.

Accordingly, and for the reasons set forth above, the bankruptcy court's judgment entered on July 2, 1991 in adversary proceeding no. 90–0034, denying the United States' motion for summary judgment and granting the plaintiffs' motion for summary judgment, in which the bankruptcy court ordered, adjudged, and decreed that the debt of the debtors/plaintiffs, Ronald Alan Peterson and Barbara Diane Peterson, to defendant, Internal Revenue Service, in the amount of $56,001.62, is dischargeable in bankruptcy is **REVERSED** and **REMANDED** for further proceedings consistent with this opinion.