**In the Matter of Daniel J. FRIDRICH, Debtor.**

**Daniel J. FRIDRICH, Plaintiff,**

v.

**INTERNAL REVENUE SERVICE, Defendant.**

No. 8: CV92–00385.
Bankruptcy No. 90–80096.
Adv. No. 90–8059.

United States District Court,
D. Nebraska.

April 16, 1993.

Douglas E. Quinn, McGrath, North Law Firm, Omaha, NE, for plaintiff.

Robert D. Metcalfe, U.S. Dept. of Justice, Washington, DC, for defendant.

## MEMORANDUM OPINION NUNC PRO TUNC

STROM, Chief Judge.

This matter is before the Court on debtor Daniel J. Fridrich's notice of appeal of an order of the United States Bankruptcy Court for the District of Nebraska denying Fridrich's motion for summary judgment. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 158(a) and Bank.R. 8001.

Debtor filed this adversary proceeding to determine whether debtor's tax debts are dischargeable. The debtor filed a motion for summary judgment, requesting that the bankruptcy court find, as a matter of law, that Bankruptcy Code § 523(a)(1)(C), which excepts from discharge taxes that a debtor attempts "in any manner to evade or defeat," does not include attempts by a debtor to evade the IRS' payment or collection efforts. It was undisputed that the debtor acted in such a way to evade or defeat the IRS' collection of taxes that had previously been assessed. The bankruptcy court held that this section *excepts* from discharge the taxes which debtor prevented the IRS from collecting. In rejecting the debtor's argument that this section applies only to evading the *assessment* of a tax, the bankruptcy court stated, "if this Court applies debtor's analysis to Section 523(a)(1)(C), [then] the result is a neutered statutory provision and a loophole for dishonest debtors." *In re Fridrich*, Bk. No. A90–8059 (Bk. Neb. June 18, 1992). Accordingly, the court denied debtor's motion for summary judgment.

Debtor appealed the bankruptcy court's decision, alleging that the court erred in holding as a matter of law that section 523(a)(1)(C) excepts from discharge taxes that a taxpayer prevents the IRS from

collecting. The only issue presented in this appeal is whether the section 523(a)(1)(C) exemption includes attempts to evade or defeat the *collection* or *payment* of taxes. Because this issue presents a question of law, it will be reviewed de novo. *In re Associated Grocers of Nebraska Co-op.*, 62 B.R. 439, 447 (D.Neb.1986).

The majority of courts that have decided this issue have concluded that section 523(a)(1)(C) excepts from discharge taxes which a debtor has prevented the IRS from collecting. In fact, this Court has discovered only one case [1] where a court has decided that attempts to evade or defeat the collection or payment of taxes are not included in the exception. *See In re Gathwright*, 102 B.R. 211 (Bankr.Or.1989).

The *Gathwright* court held that if section 523(a)(1)(C) was intended by Congress to include attempts to evade or defeat the payment of taxes, then the language "or payment thereof" would have been added to the section. The court came to this conclusion after examining an analogous provision from the Internal Revenue Code ("IRC"). Section 7201 of the IRC provides it is a felony to "willfully attempts in any manner to evade or defeat any tax imposed by [Title 26] or the payment thereof." Thus, according to the court, because the language of the two code sections are identical and because no indication exists that Congress intended different meanings for the analogous phrases in the different codes, they should be interpreted the same.

Debtor argues that the holding in this case should be adopted. Debtor contends that if Congress had intended to include taxes which a debtor prevented the IRS from collecting in this section, it would have included the words "or payment thereof."

This Court fails to find the above reasoning persuasive. Rather, the Court believes that the better reasoned opinions are those that adopt the view that section 523(a)(1)(C) also excepts from discharge those taxes which the taxpayer prevented the IRS from collecting. *See, e.g., United States v. Toti,*

**1.** Debtor cited *Peterson v. Commissioner,* 132 B.R. 68 (Bankr.D.Wyo.1991), as also supporting its argument. This case, however, was reversed on appeal by *Peterson v. Commissioner,* 152 B.R. 329 (D.Wyo.1993).

149 B.R. 829, 834 (Bankr.E.D.Mich.1993) (holding that because the purpose of the bankruptcy code is to give *honest* debtors a fresh start, the language of section 523(a)(1)(C) includes attempts by a debtor to evade payment of taxes); *Berzon v. United States*, 145 B.R. 247, 250 (Bankr. N.D.Ill.1992) (comparing the language of section 7201 of the IRC and section 523(a)(1)(C) of the Bankruptcy Code and concluding that the difference in statutory language is irrelevant); *In re Jones*, 116 B.R. 810, 814 (Bankr.D.Kan.1990) (holding that "the modifying phrase 'in any manner' is sufficiently broad to include attempts to evade taxes by concealing assets to protect them from execution or attachment...."). The Court agrees that the language "in any manner" is sufficiently broad to include attempts by a debtor to evade the payment of taxes previously assessed, especially given the fact that the purpose of section 523(a)(1)(C) is "to prevent the use of the Bankruptcy Code as part of a dishonest scheme to evade tax liability." *Brackin v. United States, IRS*, 148 B.R. 953, 956 (Bankr.N.D.Ala.1992). Accordingly, separate order will be entered affirming the bankruptcy court's decision.