In re Ronald Alan **PETERSON** and Barbara Diane Peterson, Debtors.

Ronald Alan **PETERSON,** Barbara Diane Peterson, Plaintiffs,

v.

**COMMISSIONER OF INTERNAL REVENUE, Defendant.**

**Bankruptcy No. 89–00610–A. Adv. No. 90–0034.**

United States Bankruptcy Court, D. Wyoming.

Aug. 19, 1993.

Darlene L. Reiter, Sheridan, WY, for plaintiffs.

Karen Lynne Baker, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, DC, Carol A. Statkus, Asst. U.S. Atty., Cheyenne, WY, for defendant.

## DECISION ON REMAND

HAROLD L. MAI, Chief Judge.

THIS MATTER came before the court on Remand from the District Court for the District of Wyoming.

The District Court's instructions upon remand were that this court "should determine whether the evidence offered is sufficient to prove, by a preponderance of the evidence, that the debtors, Mr. and Mrs. Peterson, willfully attempted to evade or defeat their taxes, in accordance with the standards enunciated in *Cheek v. United States* [498 U.S. 192, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991)]." *Peterson v. Commissioner of Internal Revenue*, 152 B.R. 329, 335 (D.Wyo. 1993).

On remand, the District Court did not reverse any Findings of Fact, all of which had been stipulated to by the parties. Therefore, the court incorporates all of its previous Findings of Fact by reference.

This matter was originally submitted to this court on cross-motions for summary judgment with a stipulation from all parties that there were no material issue of disputed fact. Thus, the IRS chose to submit the matter for decision on only the jointly stipulated facts and exhibits.

■ Addressing first the case against Mrs. Peterson, there is no evidence in the record that she willfully attempted to evade or defeat taxes, or the payment of taxes. The only evidence in the record concerning Mrs. Peterson is that she signed tax returns and then filed for relief under the Bankruptcy Code shortly after the taxes were eligible for discharge in bankruptcy. The IRS admits that the tax returns she signed were not fraudulent.

As stated in its previous Findings of Fact and Conclusions of Law,

* * * Seeking bankruptcy relief as soon as debts for taxes are arguably dischargeable is not per se evidence of a "willful attempt to evade" the taxes. If it were, then it would effectively negate the provisions of the Bankruptcy Code which make debts for taxes generally dischargeable if they have been due for a specific amount of time prior to filing. See 11 U.S.C. § 507(a)(7)(A).

None of the badges of fraud discussed in the case relied upon by the District Court, *Berzon v. United States (In re Berzon)*, 145

B.R. 247, 250 (Bankr.N.D.Ill.1992), exist in connection with Mrs. Peterson. There is no evidence that she filed "late" returns because there is no evidence that she had a duty to file tax returns[1] for the years in question— 1982, 1983, 1984, and 1985.

Under any interpretation of § 523(a)(1)(C), the IRS has not made a prima facie case that Mrs. Peterson "willfully attempted in any manner to evade or defeat" the income taxes owed to the United States.

█ With regard to Mr. Peterson, the evidence shows that he submitted a W–2 form that claimed 40 exemptions. Subsequently Mr. Peterson filed non-fraudulent 1040 Returns that claimed three (3) exemptions for the years in question. Because Mr. Peterson was employed in the tax years in question, the returns were filed late. They were also filed after he had been contacted by the IRS.

The court cannot agree with the United States that the undisputed facts show only "minimal" payments on the overdue taxes. In order to establish that Mr. Peterson's effort at repayment were minimal, something more is needed than the fact that the IRS received payments totaling $1,000 in 1988, $1,000 in 1989, and $2,151.66 in 1990, or that only two (2) of the five (5) payments were "voluntary." For example, evidence that these amounts were less than the Petersons were able to make, might tend to establish a willful attempt to avoid payment of the tax.

The defendant made a deliberate litigation decision to submit this case on the sparse stipulated facts. As noted in this court's previous Conclusions of Law, the defendant is apparently seeking to establish precedent regarding the minimum necessary to establish "willfulness" of an alleged attempt to avoid a tax, or the payment of a tax.

█ In order to establish a "willful" attempt to evade payment of taxes, the government must show that the law imposed upon Mr. Peterson a duty to pay the tax, "that he knew of this duty, and that he voluntarily and intentionally violated that duty." *Cheek v. United States*, 498 U.S. 192, 200–02, 111 S.Ct. 604, 610, 112 L.Ed.2d 617 (1991). The

evidence in this case falls short of showing the factors set forth in *Cheek, supra,* as establishing "willfulness" of the taxpayer's action.

It is beyond dispute that Mr. Peterson had a duty to pay federal income tax for the years in question. If the debtor/plaintiff Ronald Alan Peterson had been questioned about his motivation or reasoning in claiming 40 exemptions, the credibility of his responses and the plausibility of his actions could be assessed. However, the government chose not to call Mr. Peterson, or any other witness, and to instead rely solely on documents in its possession.

As noted above, the stipulated facts and exhibits do not establish that Mr. Peterson knew he had a duty to pay the tax and that he voluntarily and intentionally violated that duty.

As a result, the record in this case does not prove, by a preponderance of the evidence, that the debtors, Mr. and Mrs. Peterson, willfully attempted to evade or defeat their taxes, in accordance with the standards enunciated in *Cheek v. United States.*

The court will enter an appropriate judgment, holding the debt of plaintiffs/debtors Ronald Alan Peterson and Barbara Diane Peterson to be dischargeable in bankruptcy.

█

---

1. On two (2) of Peterson's 1040 forms, Mrs.    Peterson lists her occupation as "housewife."