In re David Wayne SMITH and Karen Sue Nelson–Smith, Debtors.

David Wayne SMITH, Plaintiff,

v.

UNITED STATES of America, Defendant.

Bankruptcy No. 93–70341–7.
Adv. No. 93–7028.

United States Bankruptcy Court,
S.D. Indiana,
Evansville Division.

Jan. 10, 1994.

---

John A. Hamilton, Barber & Hamilton, Evansville, IN, for plaintiff.

Samuel D. Brooks, U.S. Dept. of Justice, Washington, DC, for defendant.

## MEMORANDUM

BASIL H. LORCH, III, Bankruptcy Judge.

This matter came before the Court for trial on December 20, 1993, on the United States of America's [hereinafter "Government"] Complaint to determine dischargeability of tax liability under Sections 507 and 523. The matter was taken under advisement pending consideration of the relevant statutory and case law, as well as the evidence and Stipulations introduced at trial.

Smith contends that the personal income taxes from 1984 through 1989 are dischargeable because they were due more than 3 years prior to the bankruptcy filing on April 19, 1993. Smith filed personal income tax returns in each of the aforesaid years.

The Government contends that the taxes are nondischargeable under Section 523(a)(1)(C) for 1984 through 1989 in that the debtor made a fraudulent return or willfully attempted to evade or defeat the tax by submitting false W–4 forms and underwithholding in each of the foregoing taxable years. As to taxable year 1989, the Government asserts that the subsequent assessment in the amount of $722.00 and any interest attributable to such assessment is nondischargeable under Section 523(a)(1)(A) in that such assessment was within 240 days of the petition date (April 19, 1993) and is entitled to priority under Section 507(a)(7)(A)(ii).

*Findings of Fact*

1. The debtor filed his petition for relief under Chapter 7 of the Bankruptcy Code on April 19, 1993.

2. The Court adopts paragraphs 1 through 8 of the Stipulation filed by the parties herein.

3. The debtor's liability for personal income taxes relates to the tax years 1984 through 1989 only.

4. The additional audit assessment made on October 26, 1992, 175 days prior to the petition date, in the approximate amount of $1019.48, including interest, is nondischargeable pursuant to Bankruptcy Code section 507(a)(7)(A)(ii).

5. The debtor filed timely tax returns for each of the foregoing taxable years which were reasonably accurate and which showed a tax liability. For 1986 and 1987, the debtor made mathematical errors on his returns in favor of the IRS. There is no evidence that the debtor endeavored to frustrate or delay collection efforts after filing the respective tax returns. For each of the years 1984 through 1989, the Government had a minimum three year period in which to pursue collection of any outstanding taxes and did, in fact, engage in such collection efforts. For any tax unpaid in a timely manner, the debtor was assessed any appropriate penalty and/or interest. In 1986, the debtor failed to file 1099 forms reflecting self-employment income which resulted in a penalty of $80.00. Additionally, the debtor did not report 1099 income in 1989 but no penalty was assessed. The debtor testified that if he had had the 1099 form for that income, he would have reported it, and the Court finds the debtor's testimony in this and all other respects to be credible and consistent with his other conduct. Much of the debtor's other conduct, such as timely filing of taxes, accurately reporting exemptions on such returns, apparent cooperation with IRS collection efforts, and mathematical mistakes in the Government's favor, is inconsistent with a "willful attempt to evade or defeat tax."

6. For each of the taxable years in question, the debtor was employed in California as a car salesman. In each year he worked at various dealerships and had sporadic periods of unemployment. The debtor had an alcohol problem through 1985. Throughout all taxable years in question, his mother and half brother resided with the debtor and he contributed to their support.

7. The debtor had modest income for all of the taxable years in issue, and his adjusted gross income was as follows:

1985— $18,183.78

1986— $21,962.61

1987— $14,171.23

1988— $13,051.00

1989— $16,047.00

8. For each of the taxable years in question, the debtor filed W–4 forms overstating exemptions to which the debtor was not entitled. The debtor claimed the appropriate number of exemptions on each of the tax returns filed in said years.

9. The debtor intentionally claimed increased withholding allowances on some of the W–4s submitted to employers during the taxable years in question for the purpose of maximizing disposable income for family support and had a good faith intention to file accurate returns and pay the tax liability due as reflected therein.

10. The debtor's tax liability in each year, prior to the addition of penalties and interest, was relatively small as reflected hereinbelow:

1984— $1,430.23

1985— $2,696.06

1986— $2,720.69

1987— $618.35

1988— $923.41

1989— $836.51

11. As of December 1993, the debtor's tax liability is approximated below:

1984— $236.78

1985— $6,213.21

1986— $5,728.05

1987— $1,223.61

1988— $1,645.28

1989— $2,363.98

12. The debtor made payment efforts to satisfy his tax liabilities and has fully paid

and satisfied the liability for 1984, with the exception of the outstanding penalty.

13. Some of the employers of the debtor treated him as an employee and withheld taxes on the basis of a W–4 submitted by the debtor. Other employers treated the debtor as an independent contractor and filed Form 1099s indicating the amount of "self-employment income" earned by the debtor. A portion of the unpaid tax liability for each of the taxable years in question is a result of the employers' failure to withhold taxes from the debtor's earnings. Neither party has submitted evidence upon which the Court can determine what portion of the debtor's unpaid tax liability was a result of his overstated W–4s as opposed to his 1099 liability. IRS agent Phillips testified that it is her experience that employers occasionally do not withhold taxes on commission sales despite their obligation to do so.

### CONCLUSIONS OF LAW

1. Where tax liability arises from multiple income sources reflected on both Form 1099 as well as W–4s, the effect of underwithholding on the Form W–4 is insufficient, standing alone, to constitute a willful attempt to evade or defeat such liability.

2. With respect to taxable year 1989, the additional audit assessment made on October 26, 1992 (175 days prior to the petition date) in the approximate amount of $1,019.48 is non-dischargeable under Section 507(a)(7)(A)(ii).

3. With the exception of the additional assessment set forth hereinabove, all remaining tax liability for 1984–1989 is dischargeable under Section 523(a)(1)(C).

### Discussion

Section 523(a)(1)(C) excepts from discharge taxes "with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat ..." The IRS contends that an attempted evasion of the payment and collection of taxes by submitting false W–4s and underwithholding necessarily falls within the exemption to discharge under the foregoing section.

In order to establish a willful attempt to evade the tax within the meaning of the dischargeability exception of the Code, the Government must show that the taxpayer had a duty under the law, that he knew he had that duty, and that he voluntarily and intentionally violated that duty. *Cheek v. United States*, 498 U.S. 192, 199, 111 S.Ct. 604, 610, 112 L.Ed.2d 617 (1991). Willful connotes "an act done with a bad purpose" or with "an evil motive." *Id.*

In *In re Carlen*, 1991 WL 424977 (Bankr. N.D.Ind.), the court found tax liabilities to be non-dischargeable where the debtor filed false withholding forms to reduce his withholding amount. It is significant, however, that in *Carlen*, the debtor also failed to file any tax returns for the relevant years. As stated by that court:

> It is true, that the case law states that filing a false W–4 form, standing alone, may not indicate fraud. In addition, the failure to file one tax return, standing alone, may not indicate fraud. However, it is well-established that a continuing pattern of filing false W–4 forms with an intent to reduce withholdings, and at the same time intentionally not filing tax returns is a clear indicator of fraud.

*Id.* at 24.

The burden of proving nondischargeability of taxes pursuant to Section 523(a)(1) is on the Government, and must be proved by the preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 286–91, 111 S.Ct. 654, 659–61, 112 L.Ed.2d 755 (1991). The debtor's attempt to evade payment of tax is relevant to determine whether the debtor attempted to evade or defeat the tax under Section 523. *In re Peterson*, 152 B.R. 329 (D.Wyo.1993). The Court must make a finding of "willfulness" under the *Cheek* standard to hold that the taxes are nondischargeable.

Certainly, a pattern of filing false W–4 forms with an intent to reduce withholdings together with other conduct evidencing an intent to evade or defeat the tax is sufficient to establish fraud. However, this Court is unprepared to hold that the act of underwithholding alone satisfies the *Cheek*

standard for willfulness. The Government has shown no attendant conduct which would support a finding of willfulness. The taxpayer submitted reasonably accurate and timely tax returns for each of the taxable years in issue and professed a good faith intention to pay his tax liability.

Throughout the period in question, the debtor worked as a car salesman for various dealerships. There is no evidence of the debtor's employment history but he testified that his pay fluctuated as a result of sporadic employment. Some of the dealerships treated the debtor as an employee and withheld taxes on the basis of a W–4 submitted by the debtor. Other employers treated the debtor as an independent contractor and filed Form 1099s indicating the amount of "self-employment income" earned by the debtor. Because the debtor's 1099 income was not subject to withholding and there is no evidence of the debtor's employment history, the Court is unable to discern whether the debtor's tax liability arises by virtue of false W–4s or by virtue of the self-employment income, from which taxes are not withheld.

The Court finds that the Government has not met its burden of proving nondischargeability by the preponderance of the evidence. Therefore, in accordance with all of the foregoing, the Court hereby orders that the debtor's tax liability for the years 1984 through 1989 is dischargeable pursuant to Section 523(a)(1)(C). Tax liability for subsequent tax years and with respect to 1989, the additional audit assessment made on October 26, 1992, in the approximate amount of $1,019.48 is nondischargeable under Section 507(a)(7)(A)(ii).

IT IS SO ORDERED.